UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SELECT REHABILITATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV01971 AGF |
| | ) | |
| BENCHMARK HEALTHCARE OF | ) | |
| HARRISONVILLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend its complaint by interlineation and for default judgment. For the reasons set forth below the motion for leave to amend will be granted and the motion for default judgment denied without prejudice to refiling, as appropriate, following service of the first amended complaint.

On October 2, 2013, Plaintiff, Select Rehabilitation, Inc., filed this action naming ten limited liability companies and a corporation engaged in healthcare management as Defendants.[1] Plaintiff seeks damages in excess of $2,000,000.00 under an allegedly defaulted promissory note. *See* Doc. No. 1. The record reflects timely and proper service on all Defendants, but Defendants failed to answer or otherwise respond to the complaint on or before October 30, 2013, the time allotted for response under Federal Rule of Civil

---

[1] These Defendants are: Benchmark Healthcare of Harrisonville, LLC; Harrisonville Healthcare, LLC; Benchmark Healthcare of Lee's Summit, LLC; Benchmark Healthcare of Lexington, LLC; Benchmark Healthcare of Raytown, LLC; Benchmark Healthcare of Monet, LLC; Benchmark Healthcare of St. Charles, LLC; Benchmark Healthcare of Willowbrooke, LLC; Benchmark Healthcare of Wildwood, LLC; Benchmark Healthcare Group, Inc.; and Benchmark Healthcare Management, LLC.

Procedure 12(a)(1)(A). *See* Doc. Nos. 7-17. Thereafter, on November 18, 2013, Plaintiff moved for a clerk's entry of default and on December 18, 2013, the Clerk of Court entered a default in this matter. *See* Doc. Nos. 20 & 24. On December 20, 2013, Plaintiff filed its motion for default judgment, *see* Doc. No. 25, and on January 9, 2014, Plaintiff's counsel moved to amend the complaint by interlineation to correct a "scrivener's error" in Paragraph 13 of the original complaint.[2]

Paragraph 13 of the complaint reads: "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity between the parties and the amount in controversy exceeds $75,000." Doc. No. 1 at ¶13. Plaintiff requests leave to amend the complaint to read instead:

> [t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity between the parties because Select's principal place of business is located in the state of Illinois, Defendant Benchmark Healthcare Group, Inc.'s principal place of business is located in the state of Missouri and upon information and belief, none of the members of any of the limited liability company Defendants are citizens of Illinois, and the amount in controversy exceeds $75,000.

Doc. No. 27. Essentially, Plaintiff seeks leave to amend the complaint to further specify the citizenship of the parties, in particular, that of the limited liability company defendants.

"Diversity jurisdiction requires 'complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Cascades Development of Minnesota, LLC v. National Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010), *cert. denied,* 132 S. Ct. 94

---

[2] After the filing of the motion for default judgment and before the filing of the motion for leave to amend, this action was reassigned to this Court.

(2011) (internal quotation omitted)). Moreover, the citizenship of the members of a limited liability company is considered for purposes of determining the citizenship of the parties under the statutory provision providing for federal subject matter jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332. *See id.*

Therefore, upon review of the proposed amendment and in accordance with the requirements of Rule 15(a)(2), the Court will grant Plaintiff leave to amend its complaint to clarify the basis of the Court's subject matter jurisdiction over this action. *See id.* (noting, in addition, that a district court has authority to require such clarification).

Inasmuch as Plaintiff will need to serve Defendants with the first amended complaint, the Court will deny Plaintiff's pending motion for default judgment without prejudice to refiling, as appropriate, following service of the first amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend its complaint is **GRANTED**. (Doc. No. 27.)

**IT IS FURTHER ORDERED** that Plaintiff shall file with the Court a copy of its first amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment is **DENIED without prejudice** to refiling, as appropriate, following service of its first amended complaint. (Doc. No. 25.)

<span style="text-align:right">*Audrey G. Fleissig*<br>AUDREY G. FLEISSIG<br>UNITED STATES DISTRICT JUDGE</span>

Dated this 5th day of February, 2014.