UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SELECT REHABILITATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-01971-AGF |
| | ) | |
| BENCHMARK HEALTHCARE OF | ) | |
| HARRISONVILLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the record. On February 6, 2014, Plaintiff Select Rehabilitation, Inc. ("Select") filed its amended complaint against Defendants Benchmark Healthcare of Harrisonville, LLC; Harrisonville Healthcare, LLC; Benchmark Healthcare of Lee's Summit, LLC; Benchmark Healthcare of Lexington, LLC; Benchmark Healthcare of Raytown, LLC; Benchmark Healthcare of Monet, LLC; Benchmark Healthcare of St. Charles, LLC; Benchmark Healthcare of Willowbrooke, LLC; Benchmark Healthcare of Wildwood, LLC (collectively, the "Benchmark Facilities"); Benchmark Healthcare Group, Inc.; and Benchmark Healthcare Management, LLC (all of the foregoing entities, collectively, the "Defendants"), seeking to recover payments due to Select for certain therapy services provided to the Benchmark Facilities.

Select asserted three claims: breach of contract (Count I), breach of a related promissory note (Count II), and a request for the entry of judgment by confession (Count

III).

On December 23, 2014, the Court granted Select's motion for summary judgment on Counts I and II of Select's amended complaint, in the total amount Select claimed Defendants owed: $3,720,932.30 plus costs and reasonable attorneys' fees. (Doc. No. 46.) Because the only contractual basis for the recovery of attorneys' fees was the parties' promissory note, the Court granted Select's request for attorneys' fees solely with respect to Select's claim on the note, Count II. The Court held that upon resolution of all remaining claims, it would set a schedule for the submission of appropriate documentation in support of Plaintiff's request for attorneys' fees with respect to Count II. *Id.*

Select did not move for summary judgment on Count III. However, Count III merely requests that the Court enter judgment by confession for the full amount due under the promissory note. *See* Doc. No. 29 at 12. When the Court's summary judgment order awarded Select its damages in full, including all amounts due under the promissory note, Count III became moot. Therefore, on April 6, 2015, the Court entered an Order to Show Cause why Count III should not be dismissed as moot. (Doc. No. 47.) The Court specifically cautioned that failure to comply with the Order to Show Cause may result in the dismissal of Count III for failure to prosecute. *Id.*

Select failed to respond to the Order to Show Cause in any way, and to date, there has been no further activity in the case. The Court concludes that under the circumstances, dismissal of Count III is warranted, both because it is moot and for Select's failure to prosecute. *See Michaelree v. Millsap & Singer, P.C.*, No. 10-1172-

CV-W-HFS, 2011 WL 830281, at *3 (W.D. Mo. Mar. 2, 2011) (holding that "[a] case is moot if the decision would have no practical effect upon an existent controversy," and because "[a] moot case raises the issue of justiciability, . . . courts may dismiss it sua sponte") (citation omitted); *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (addressing a district court's inherent power to dismiss a case for failure to prosecute).

Accordingly,

**IT IS HEREBY ORDERED** that Count III is **DISMISSED** as moot and for failure to prosecute.

**IT IS FURTHER ORDERED** that on or before **May 7, 2015**, Plaintiff shall submit a supplemental brief and supporting documentation on the amount and reasonableness of the attorneys' fees it requests with respect to Count II. Defendants shall have until **May 14, 2015** to file a response brief on the issue of attorneys' fees.

**IT IS FURTHER ORDERED** that a final judgment will be entered in this case after the amount of attorney's fees to which Plaintiff is entitled under Count II is determined by the Court.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2015.